**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ZENERGY, INC., an Oklahoma corporation, | ) | |
| ZENECO, INC., an Oklahoma corporation, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-34-GKF-PJC |
| | ) | |
| PALACE EXPLORATION COMPANY, | ) | |
| an Oklahoma corporation; PALACE | ) | |
| OPERATING COMPANY, a Texas corporation; | ) | |
| BISTATE OIL MANAGEMENT | ) | |
| CORPORATION, a New York corporation; | ) | |
| THE BISTATE OIL CO., INC., a Delaware | ) | |
| corporation; and RODA DRILLING COMPANY, | ) | |
| a foreign general partnership; and RODA | ) | |
| DRILLING COMPANY, LLC, a Nevada limited | ) | |
| liability company; and their affiliates, successors | ) | |
| and assigns, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiffs Zenergy, Inc. and Zeneco, Inc. filed this Declaratory Judgment action in the District Court of Tulsa County, Oklahoma. Defendants RoDa Drilling Company and RoDa Drilling Company, LLC (jointly, "RoDa") removed the case to this Court. Before the Court for decision is the Motion to Remand of defendants Palace Exploration Company, Palace Operating Company, Bistate Oil Management Corporation, and the Bistate Oil Company, Inc. (collectively, "Palace") [Docket No. 39].

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Nicodemus v. Union Pacific Corp.,* 440 F.3d 1227, 1228 (10th Cir. 2006); *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)(quoting *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).   The "well-pleaded complaint rule" requires that a federal question be presented on the face of the plaintiff's properly pleaded complaint.   The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.  *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citation omitted); *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004).   However, a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.  *Franchise Tax Board,* 463 U.S. at 22; *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996).

Even when a federal question appears on the face of a well-pleaded complaint, federal jurisdiction is not automatic.  "It is by now axiomatic that 'federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" *Nicodemus,* 440 F.3d at 1232 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 313 (2005).  A "federal issue" is not a password opening federal courts to any state action embracing a point of federal law.  "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of  federal and state judicial responsibilities." *Grable,* 545 U.S. at 314.

RoDa notes that Palace originally consented to removal of this case.   It is clear, however, that the right to secure a remand to state court when there is no federal subject matter jurisdiction

basis for removal cannot be waived by any party.  *Macdiarmid v. Lawbar Petroleum,* 456 F.Supp. 503, 504 (W.D. Tex. 1978); *see also* Wright, Miller & Cooper, 14C Federal Practice and Procedure §3739 at 417 (3d ed. 1998).

RoDa argues that this court has original jurisdiction because resolution of the issues necessarily depends on the construction of substantial, disputed questions of federal tax law.  In their state court Petition, plaintiffs seek a declaratory judgment defining the rights, duties, liabilities and obligations of the parties relative to 1,554 oil and gas properties/prospects pursuant to "hundreds of agreements," including but not limited to joint operating agreements.  Plaintiffs make no mention of a federal law or a federal issue in the Petition.  However, in a "Motion for Determination of Interest" filed in state court some eleven working days after plaintiffs filed suit,[1] plaintiff Zenergy stated that (a) it had been advised that an investigation was being conducted by the Internal Revenue Service concerning the transactions between and among Palace Exploration Company and RoDa Drilling Company, a general partnership, and (b) that the investigation "may have an impact on the working interests that are the subject of the Joint Interest Billings and the Internal Revenue Service may need to be added as an additional party to the litigation if an interest is claimed by them in the underlying properties."   RoDa states it acquired its working interests in the oil and gas properties/prospects as part of a federal tax shelter designed to allow RoDa to take substantial deductions for intangible drilling costs incurred in developing and drilling the working interests. RoDa says it has a dispute with Palace regarding the tax shelter and its related tax benefits, and that resolution of the ownership of the working interests as between RoDa and Palace necessarily raises an issue of federal tax law.  Thus it appears that the Court must determine whether plaintiffs have

---

[1]  Zenergy, Inc. filed its Motion for Determination of Interest in state court on December 27, 2006.

omitted reference to federal tax issues essential to their claims, and whether plaintiffs' state law claims necessarily raise an "actually disputed and substantial" federal tax issue.

Palace contends that Zenergy's Motion for Determination of Interest, which contains RoDa's factual predicate for removal, was dismissed *sua sponte,* and that the propriety of remand must be judged by the Petition alone.  However, the previously-assigned judge in this case merely held that it was premature for the court to rule on the determination of interest.

Palace also contends that the Court cannot consider the Notice of Removal or the Motion for Determination of Interest because RoDa does not explicitly allege artful pleading.  However, the procedural posture of this case is somewhat unusual in that plaintiffs are neutral on the issue of remand; they have no objection to the jurisdiction of this court and they have no objection to remand.  *See* Response of Zenergy, Inc. and Zeneco, Inc. to Motion to Remand [Docket No. 45]. Furthermore, it was plaintiffs who suggested in filings soon after they initiated the case that the federal tax investigation "may have an impact on the working interests..." and that "the Internal Revenue Service may need to be added as an additional party to the litigation if an interest is claimed by them in the underlying properties." "[E]ven though a plaintiff asserts only claims under state law, federal-question jurisdiction may be appropriate if the state-law claims implicate significant federal issues."  *Nicodemus*, 440 F.3d at 1232.  The absence of an "artful pleading" allegation[2] ought not deprive this court from considering, in its discretion, whether the Petition was pled in such a way – intentionally or unintentionally – to omit mention of a disputed and substantial federal issue embedded in the state-law claims.  Other courts have concluded that it is proper to use

---

[2]  Although not discussed by the parties in their briefs, several circuits take the position that the artful pleading doctrine applies *only* in cases of complete federal preemption.  *See* 16 Moore's Federal Practice, § 107.14[3][b][iv] (3d ed.).

the notice of removal to clarify the action presented in the Petition to determine whether it raises a federal question.  *See, e.g., Bright v. Bechtel Petroleum, Inc.,* 780 F.2d 766, 769 n.3 (9th Cir. 1986).

      The burden is upon the party opposing a motion to remand to show jurisdiction by a preponderance of the evidence.  *Karnes v. The Boeing Company,* 335 F.3d 1189, 1194 (10th Cir. 2003).   Upon consideration of the issues, this court concludes that plaintiffs' claims do not necessarily raise an actually disputed and substantial issue of federal tax law.  At most, RoDa and Zenergy raise the *potential* that a federal tax investigation "*may* have an impact on the working interests" involved in this case and that the IRS may someday seek to intervene *if* it seeks to execute on potential federal tax liens on the underlying oil and gas properties/prospects.  RoDa does not explain how resolution of Zenergy's declaratory judgment action *necessarily* involves substantial and disputed issues of federal tax law.  In contrast, in *Nicodemus v. Union Pacific Corp.,* defendant Union Pacific convinced the appellate panel that construction of a federal land grant appeared to be the only legal or factual issue contested in the case.  *Nicodemus,* 440 F.3d at 1236.  Similarly, in *Grable,* the issue of whether Grable had been given notice of an IRS tax sale within the meaning of the federal statute was not only an essential element of its quiet title claim, it appeared to be the only legal or factual issue contested in the case.  *Grable,* 545 U.S. at 315.  Where federal issues are tangential to the state law claims, remand is proper.  *Kantha v. Pacific Life Ins. Co.,* 2006 WL 2583242 (D.N.J. 2006).  That questions of federal law may need to be resolved in the course of the litigation is not sufficient to confer federal question jurisdiction.  *State of Maryland v. Philip Morris, Inc.*, 934 F.Supp. 173, 178 (D.Md. 1996).  In this case, RoDa has merely raised the potential that federal tax issues may have an impact on some of the working interests involved in this case.

      WHEREFORE, the Motion to Remand of defendants Palace Exploration Company, Palace

Operating Company, Bistate Oil Management Corporation, and the Bistate Oil Company, Inc. [Docket No. 39] is **granted**.  This case is hereby remanded to the District Court in and for Tulsa County, Oklahoma.

IT IS SO ORDERED this 7th day of August 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma